Dear Representative Russo:
Your request for an Attorney General's Opinion concerning the Electronic Surveillance Act has been forwarded to me for research and reply. You asked the following question:
 Do the terms "wire communication" and "communication by wire" as defined in R.S. 15:1302(18) include communication made through the use of cellular telephone networks?
The Louisiana Electronic Surveillance Act was enacted to preserve a persons fundamental right to privacy by insuring that his or her communications are free from interception. The Act specifically protects all communications made in whole or in part through wire or other connectors. The communication from a cellular phone travels by radio waves to the nearest cellular phone receiver, where it is transferred by radio waves to a main receiver. Once at the main receiver the communication is forwarded by wire to it's final destination.
The radio portion of a communication on a cordless phone is not a protected communication in Louisiana. Cordless phones are specifically excluded from protection by La. R.S. 15:1302(18). While communication on cellular and cordless phones appear similar; a cellular phone sends a much stronger wave which is harder to intercept; thus, it was not excluded from protection even though cordless phones were.
Federal courts guided by the (ECPA) also exclude cordless phones from prosecution. Cordless phone communications are also excluded from protection in federal court under the Federal Electronic Communications Protection Act (ECPA). The rational for the 1986 federal amendment excluding cordless phones communication was stated in U.S. v. Smith, 978 F.2d 171 (5th Cir. 1992)
it was determined that the waves are so easily interceptable that this could not be considered a punishable crime. The Louisiana Electronic Surveillance Act was created to reflect the substance of the Federal Electronic Communications Protection Act. To date, there is no case law interpreting the Louisiana Electronic Surveillance Act. Therefore, the only jurisprudence is the federal courts interpretation of the ECPA after which the Louisiana act was modeled. The prevailing view in the U.S. Appeals courts is that cellular communications are protected. The Eleventh circuit in dicta recognized "[t]he ECPA amendment Title III to protect cellular communications from interception without prior judicial approval." U.S. v. Carrozana921 F.2d 1557, 1562 (11th Cir. 1991). In U.S. v. Kim803 F. Supp. 352(D.C. Hi. 1992) the U.S. District Court for Hawaii clearly stated, "Following the passage of the Electronic Communications Privacy Acts of 1986 (ECPA), cellular telephone communications have enjoyed the same privacy protections as standard telephone communication." Id at 361. The U.S. Supreme Court has not handed down any decision concerning cellular phones.
In light of the fundamental right to privacy, federal case law and in the absence of a definitive statement of the law by the U.S. Supreme Court or the Louisiana Supreme Court, it is the opinion of this office that cellular phones are a protected form of electronic communication.
I hope the foregoing has adequately answered your question. If our office can be of further assistance please do not hesitate to contact us.
Sincerely,
 RICHARD P. IEYOUB Attorney General
 BY: ______________________ Donald A. Rowan Jr. Assistant Attorney General
cc. Sen Marty Chabert Terry Ryder